PHILLIP A. TALBERT
Acting United States Attorney
ALYSON A. BERG
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:21-MC-00005-DAD |
|---|---|
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $120,533.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed with the court on June 1, 2021 (Doc. No. 6-1), the Court finds:

1. On September 3, 2020, agents with the Department of Homeland Security, Homeland Security Investigations ("HSI") seized Approximately $120,533.00 in U.S. Currency (hereafter "Defendant Currency") as the result of a search warrant executed on storage unit number 1125 at the U-Haul storage facility located at 1930 E. Mineral King, Visalia, California.

2. HSI commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about September 3, 2020, HSI received a claim from Lotrion White asserting an ownership interest in the Defendant Currency.

3. The United States represents that it could show at a forfeiture trial that on September 3, 2020, HSI in conjunction with Tulare County Sheriff's Department executed a search warrant on storage unit number 1125, identified as being rented by Lotrion White. The storage unit is located at

CONSENT JUDGMENT OF FORFEITURE
1

the U-Haul storage facility at 1930 E. Mineral King, Visalia, California. During execution of the storage unit, law enforcement observed three large suitcases, several shoe boxes, clothing, and various household type objects. Two of the suitcases were of a tan and gray color hard-sided rolling type suitcases.

4. The United States could establish that law enforcement opened one of the suitcases and found a blue fitted bedsheet that had been twisted in half to make two halves. In each half, law enforcement located a large amount of currency. A second suitcase, similar to the first that was opened, did not contain contraband. In the third suitcase, law enforcement located a vacuum-sealed plastic bag in the lining of the suitcase. The bag contained a large amount of currency and a few articles of clothing. Law enforcement located additional currency in a red backpack and a cardboard box for bottled water. The total amount of currency seized was approximately $120,533.00 in U.S. Currency.

5. The United States could also show that law enforcement located numerous items of indicia for Lotrion White, including several papers for a JPL Trucking located in North Carolina. Some of the paperwork gave an address that was also given as an address for Lotrion White found on a parcel located in Lotrion White's residence during a probation search on August 6, 2020.

6. At trial, the United States could show that White's criminal history includes multiple drug-related arrests including narcotic-related convictions for which he was incarcerated. In 1999, White was convicted of a drug offense for which he received probation. In December 2006, White was convicted of larceny in North Carolina for which he received a prison term of four months. In July and October 2006, White was convicted of felony drug trafficking and served a consecutive prison term of three and a half years. In 2015, White self-surrendered following a search warrant that resulted in the discovery of 214 marijuana plants at a known residence of White. In 2016, White and an associate of White's were arrested in Chesapeake, Virginia for the transportation of approximately 20 pounds of marijuana.

7. The United States could further show at a forfeiture trial that the Defendant Currency is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

/////

8. Without admitting the truth of the factual assertions contained in this stipulation, claimant Lotrion White specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant Lotrion White agrees that an adequate factual basis exists to support forfeiture of the Defendant Currency. Lotrion White hereby acknowledges that he is the sole owner of the Defendant Currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the Defendant Currency, claimant Lotrion White shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the Defendant Currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $108,533.00 of the Approximately $120,533.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $12,000.00 of the Approximately $120,533.00 in U.S. Currency shall be returned to claimant Lotrion White through his attorney, Matthew Owdom.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the Defendant Currency. This is a full and

final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimant Lotrion White waived the provisions of California Civil Code § 1542.

5. No portion of this stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described Defendant Currency.

IT IS SO ORDERED.

Dated: **June 1, 2021**

                                                        *Dale A. Drozd*
UNITED STATES DISTRICT JUDGE